Susan Marks (#032087)
Susan Marks & Advocates, PLLC
3260 N. Hayden Road, Suite 210
Scottsdale, AZ  85251
480-459-2403
480-567-0226 (facsimile)
susan@susanmarks-advocates.com

Patricia E. Ronan (#029009)
Patricia E. Ronan Law, LLC
PO Box 55341
Phoenix, AZ 85078
619-458-2505
patricia@ronanesq.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **F.B.,** minor, by and through his mother Carrie Burns, | ) Case No.: |
| | ) |
| | ) COMPLAINT |
| Plaintiff, | ) |
| | ) **Plaintiff requests jury trial** |
| v. | ) |
| | ) |
| Boys & Girls Clubs of the Valley, Inc., | ) |
| | ) |
| Defendant | ) |
| | ) |

Plaintiff respectfully files this Complaint by and through undersigned counsel as follows:

**INTRODUCTION**

Defendant Boys & Girls Clubs of the Valley, Inc. ("BGCAZ") provides an after-school program and receives federal funding, which allows BGCAZ to offer the program to the public.  As such, BGCAZ is required to provide reasonable accommodations to all program participants with disabilities under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, and section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 701, *et seq.*.

Plaintiff F.B. is disabled, as defined by the ADA and Rehabilitation Act.  In or around August 2020 for only a short while because at that time the program was virtual. F.B. returned to the BGCAZ to participate in the after-school program on or around March 2021. F.B.'s participation is crucial to his family's survival, because it allows his mother to work. Although BGCAZ did initially provide accommodations on an informal basis, starting around October 2021, the accommodations were no longer provided. F.B.'s mother repeatedly met with and requested accommodations for F.B.. However, the new staff at BGCAZ refused to provide for reasonable accommodations and/or modifications to policies in order for F.B. to meaningfully participate in the after school program. Thus, BGCAZ violated the ADA and the Rehabilitation Act.

In addition, BGCAZ engaged in intentional discrimination when, despite being aware of F.B.'s needs, they continued to fail to provide reasonable accommodations and drew attention to F.B.'s disabilities in the after-school program among his peers.  After committing

such discrimination, BGCAZ then refused to modify their disciplinary policy, as required by both the ADA and Rehabilitation Act, and repeatedly suspended F.B. from the program and/or required that he leave early because of his conduct in response to BGCAZ's discrimination.

Plaintiff seeks declaratory and injunctive relief to prevent BGCAZ from continuing its intentional illegal discriminatory actions, compensatory damages to remedy for denying F.B. the full and equal enjoyment of the benefits of and participation in Defendant's after school program, and attorneys' fees and costs to the fullest extent permitted by law.

## JURISDICTION AND VENUE

1.      28 U.S.C. § 1331 confers jurisdiction to this Court. This action is authorized pursuant to the ADA, U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C., § 701, *et seq.*

2.      Venue is proper in the District Court of Arizona pursuant to 28 U.S.C. § 1391(b), as all conduct giving rise to Plaintiff's claims arise in this District, and the Defendant is located in this District.

## PARTIES

Plaintiff

3.      Plaintiff F.B. is, a minor, born in 2014.  Plaintiff F.B. and his mother, Carrie Burns, reside in Maricopa County, Arizona.

4.      F.B. is a seven-year-old child with a diagnosis of Attention Deficit Hyperactivity Disorder ("ADHD") and Rejection Sensitive Dysphoria ("RSD"). These conditions

result in F.B.'s difficulties with focus and emotional regulation. RSD also makes it difficult for F.B. to manage social or behavioral corrections and perceived criticism from others. These conditions are a disability as defined by 28 C.F.R. § 36.105, such that at all times F.B. was a qualified individual with a disability within the meaning of the ADA and the Rehabilitation Act.

Defendant

5.      Defendant Boys & Girls Clubs of the Valley ("BGCAZ") is a place of public accommodation as defined by the ADA.  BGCAZ represents that is comprised of "twenty-seven clubhouses, one dental clinic, and an administrative and youth conference center in the Metropolitan Phoenix area", and serves approximately 15,000 children ages six to eighteen.[1]

6.      BGCAZ is an Arizona nonprofit corporation that is affiliated with the national Boys & Girls Clubs of America.

7.      BGCAZ's Gilbert Branch provides an after-school program which offers services to elementary aged children.

**FACTS**

**F.B.'s Background with BGCAZ**

8.      F.B. is a first grader who resides with his family in Gilbert, Arizona.

9.      F.B. attends school at Gilbert Elementary School and began being provided accommodations for his disabilities at his school under a 504 Plan in February 2021.

---

[1]      *Boys & Girls Clubs of the Valley, Inc. Consolidated Financial Statements, Period from Inception (January 1, 2020) to June 30, 2020.*

10.    In March 2021, F.B.'s mother, Carrie Burns, enrolled F.B. into BGCAZ's after school program at the Gilbert Branch, which is within 0.1 miles of F.B.'s school.

11.    Costs to attend the BGCAZ's after school program are $40-$80 per month, plus an annual membership of $30 per year.

12.    Carrie Burns provided BGCAZ with the documentation of F.B.'s diagnoses along with a request for accommodations, such as providing him with a safe space with visual privacy when he needed to emotionally regulate, ignoring minor disruptive behaviors, being flexible about allowing him to move around the space, and how staff would communicate and interact with F.B., such as by providing redirection in a discrete manner or in private and by offering gentle, non-critical reminders of expected behavior.

13.    Between March 2021 and October 2021, F.B. participated in the BGCAZ after school program with only minimal issues because BGCAZ staff provided the accommodations that Carrie Burns requested. These included staff's manner of communications with F.B., so that they were focused on positive and constructive feedback rather than a punishing or punitive tone, as well as providing F.B. with a safe space where he could decompress out of his peers' sight.  The safe space for F.B. to emotionally regulate can be any small space that is visually shielded from peers, such as a tent or large box in the classroom, a being able to sit under a table or desk that has three sides shielded, a closet, or a space that is otherwise screened-off so that he is not within his peers' sightlines.

14.     Between March 2021 and October 2021, BGCAZ staff provided the safe space
        accommodation by allowing F.B. to crawl under a desk in the administrative area so
        that he was not away from adults, but felt like he had a protective barrier from his
        classmates.  This accommodation is not expensive and does not take F.B. outside the
        group space, such that he would require extended one-on-one attention from staff
        members.

**BGCAZ Denies Accommodations and Begins to Discriminate**

15.     In October 2021, there was significant staff turnover at BGCAZ, and the new staff
        refused to continue the previous accommodations.

16.     The new staff also failed to accommodate F.B.'s need for flexibility with his
        movement, and would demand that he sit for extended periods.  For example, during a
        60 to 90-minute "Power Hour" when children are required to focus on academics, F.B.
        is required to stay seated the entire time. When F.B. fails to comply, and gets up to
        move around the room, consistent with his A.D.H.D diagnosis which makes sitting
        without breaks for such a long period after a full day of school an impossible
        requirement, BCGAZ staff punish or publicly reprimand F.B..

17.     The new staff generally failed to provide positive and constructive communications to
        F.B. as requested, and instead F.B. is publicly reprimanded on a regular basis.  This
        triggers his R.S.D.

18.     By way of example, F.B. recently sought a safe space by crawling under a desk and
        chairs in the after school Power Hour Program classroom. BGCAZ staff responded by
        trying to get F.B. to come out from under the desk, and engaging in these efforts in

front of the entire class.  As a result, all the children joined in the verbal cajoling and teasing.  This response was the *opposite* of what BGCAZ claims is its conduct and the *opposite* of F.B.'s requested accommodation to ignoring minor disruptive behaviors and providing redirection in a private manner and with gentle reminders of expected behavior. The adults and children ganged up on F.B., exacerbating his heightened emotional state and distrust of BGCAZ because of its pervasive discrimination.

19.    Because BGCAZ exacerbated and called attention to F.B.'s disability and failed to accommodate it in any meaningful way, F.B. now frequently refuses to go to the BGCAZ.

**BCGAZ Refuses to Stop Discriminating and Re-Implement Accommodations**

20.    Carrie Burns' repeatedly requested that the new BGCAZ staff accommodate F.B.'s disability in a manner similar to what had been done before, and worked so well.

21.    The fact that BGCAZ had been able to successfully provide F.B. with the requested accommodations and he had no significant behavioral issues during that time shows that the requested accommodations were both effective and reasonable.

22.    BGCAZ refused to provide the accommodations, delayed in responding to Ms. Burns' requests, and continues to discriminate against F.B. in its treatment of him and denial of accommodations to this day.

23.    Because BGCAZ took away the safe space for F.B. to decompress out of his peers' sight, F.B. no longer has a safe space to go to when emotionally dysregulated.  As a result, F.B. began engaging in elopement behaviors, *i.e.,* he runs away from BGCAZ

because it feels emotionally unsafe and he has nowhere to go.  Thus, BGCAZ has to call his mother, Carrie Burns to pick up F.B. early from the program.

24. BGCAZ has a discipline policy that children who leave the area (elope) will be disciplined and possibly expelled.

25. Under BGCAZ' disciplinary policy, the repeated elopements resulted in F.B. being suspended for a longer period each time. To date, F.B. has been suspended for six days total, and BGCAZ has required, and continues to require, that he leave early on numerous occasions.

26. After the third suspension, Carrie Burns was told that if F.B. was suspended for a fourth time, he would be expelled from BGCAZ because that was the policy of the after school program.

27. BGCAZ refuses to modify this or any other disciplinary policy for F.B., despite its disparate impact on him as a disabled person.

28. Due to concerns with the possibility that F.B. would be expelled from the BGCAZ, on or around February 1, 2022, Carrie Burns sent a letter formally requesting accommodations for F.B.. Ms. Burns sent this letter because her previous verbal requests were either denied or ignored.

29. BGCAZ did not timely respond to Carrie Burns' request. Eventually, a meeting to discuss the accommodations was scheduled for March 29, 2022. This was almost two months after Carrie Burns had made her written request for accommodations.

30. BGCAZ staff told Ms. Burns that they could not provide the safe space under the desk in the office area that had been provided prior to October 2021, but they have not

offered any other safe space outside the view of F.B. peers. Without such an accommodation, Carrie Burns worries that F.B. will continue to elope, and would therefore be expelled and denied all services permanently.

31.    Carrie Burns retained legal counsel who sent a letter to the BGCAZ Gilbert Branch director on March 25, 2022. That letter repeated the request for the accommodations set forth in Carrie Burns' February 1, 2022 letter, along with an additional request for a modification to the discipline policy.  In particular, the counsel's letter requested that the discipline policy be modified so that F.B. would not be expelled from BGCAZ's after school program if he were suspended a fourth time. The letter also requested a written response as to whether BGCAZ would provide the requested accommodations before convening a meeting between BGCAZ staff and Carrie Burns to discuss how to implement accommodations for F.B.

32.    BGCAZ gave no response before the scheduled March 29, 2022 meeting.  So Carrie Burns' legal counsel requested that the meeting be cancelled.

33.    BGCAZ's response to the requested accommodations was received by Carrie Burns' legal counsel on April 6, 2022. BGCAZ's response falsely claimed that BGCAZ was already providing a number of reasonable accommodations and denied the requested accommodation of a safe space for F.B. to emotionally regulate. Instead, BGCAZ offered that F.B. could use the "red chair area." However, this area is used primarily as a place of discipline, and therefore is neither neutral or safe for F.B.'s purposes. Most importantly, the "red chair area" is in the open and offers no visual privacy to F.B.,

which he requires due to his RSD diagnosis.  In short, BGCAZ refused to take any steps to fulfill its obligations under the ADA and the Rehabilitation Act.

34. Carrie Burns' legal counsel had also requested a modification to BGCAZ's discipline policies. However, BGCAZ's response fails to provide any modifications, but reiterates that F.B. could be subjected to discipline or expulsion. Unfortunately, until BGCAZ effectively provides all of the requested accommodations, F.B. is likely to continue to engage in the behaviors that could result in expulsion from BGCAZ. At the very least, F.B. will continue to be sent home early due to his behaviors resulting from BGCAZ's failure to provide accommodations.

35. F.B. is unable to meaningfully participate and benefit from the after school program at BGCAZ because his disability is not accommodated.  Each suspension – triggered by BGCAZ's refusal to offer him a safe space to regulate his emotions or inadequate provision of the other requested accommodations – denies F.B. and his family from BGCAZ's services.

**FIRST CAUSE OF ACTION**

**Violation of Americans with Disabilities Act, Title III, 42 U.S.C. § 12182, et seq.**

36. Plaintiff incorporates each foregoing allegation as if fully set forth here.

37. F.B. is an individual with a disability as defined in 28 C.F.R. **§** 36.105**.**

38. BGCAZ is a place of public accommodation as defined by 28 C.F.R. § 36.104.

39. BGCAZ was at all relevant times on notice and was fully aware of F.B.'s disability and need for accommodations.

40.    BGCAZ violated the ADA and discriminated against F.B. by refusing to make reasonable accommodations necessary for F.B. to access BGCAZ's after school program and by refusing to make reasonable accommodations necessary for F.B. to have the opportunity to participate in or to benefit from its program in equal measure to the participation or benefit afforded to others without disabilities.

41.    BGCAZ has intentionally discriminated against F.B. by acting with deliberate indifference to F.B.'s need for accommodations.  At all relevant times, Defendant knew that denying F.B. his accommodations meant that, by reason of his disability, he would have great difficulty with continuing to participate in BGCAZ's after-school program. Furthermore, BGCAZ had in fact provided the accommodations between March 2021 and October 2021.

42.    Thus, BGCAZ's refusal to provide the reasonable accommodations was willful.

43.    F.B. suffers ongoing and irreparable harm as a result of BGCAZ's continued discrimination and violations of the ADA.  This harm will continue until BGCAZ's conduct is declared unlawful and enjoined by this Court. There is no adequate remedy at law.

**SECOND CAUSE OF ACTION**

**Violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.***

44.    Plaintiff incorporates each foregoing allegation as if fully set forth here.

45.    F.B. is a qualified individual with a disability under section 504 of the Rehabilitation Act in that his various psychological conditions cause substantial impairments in one or more major life activities.

46. F.B. has a 504 Plan in his school setting as a result of his disabilities.

47. BGCAZ is a place of public accommodation that receives federal funding, and is therefore subject to the Rehabilitation Act. During the period from July 1, 2019 to June 30, 2020, BGCAZ received $548,137 from the US Department of Agriculture, $341,403 from the US Department of Housing and Urban Development, $104,186 from the US Department of Justice, $179,466 from the US Department of Education, and $8,561 from the US Department of Health and Human Services. The total amount of federal awards was $1,181,753.

48. By accepting these federal funds, BGCAZ agreed that it would comply with the requirements of the Rehabilitation Act by, among other things, making reasonable accommodations for qualified individuals with disabilities.

49. BGCAZ is in violation of the Rehabilitation Act by failing and refusing to make reasonable accommodations for F.B. to access BGCAZ's after school program by not affording F.B. an equal an opportunity to participate in the program as afforded to others without disabilities.

50. BGCAZ's after school program is available to elementary-aged children Monday through Friday until 7:00 PM. Because BGCAZ fails to provide accommodations or modifications to its discipline policies, F.B. has only been able to attend until 4:30 PM.

51. BGCAZ has intentionally discriminated against F.B. by acting with deliberate indifference to F.B.'s need for accommodations since October 2021.

52. At all relevant times, Defendant knew that denying F.B. his accommodations meant that, by reason of his disability, he would have great difficulty continuing to

participate in BGCAZ's after-school program. Furthermore, BGCAZ had in fact

provided the accommodations between March 2021 and October 2021, indicating that

the requested accommodations were reasonable and readily achievable.

53.     Consequently, F.B. is suffering ongoing and irreparable harm by the BGCAZ's

violations of the Rehabilitation Act, and the harm will continue unless and until the

Defendant's conduct is declared unlawful and is enjoined by this Court. There is no

adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A.      Issue an order for declaratory relief, declaring that Defendant BGCAZ's

conduct in denying F.B.'s request for accommodations and modifications to the

discipline policy is unlawful and in violation of Title III of the ADA and section

504 of the Rehabilitation Act;

B.      Issue a permanent injunction and other equitable relief necessary to

permanently and forever prevent BGCAZ from discriminating against F.B. or

any disabled qualified participant in BGCAZ programs, including but not

limited to:

   a.   An order that BGCAZ implement and execute adequate policies, procedures

        and programs to prevent and remedy disability discrimination and

        retaliation, and to eradicate the effects of BGCAZ's past unlawful practices;

   b.   An order that BGCAZ implement adequate company-wide training on bias,

        stereotypes, the importance of reasonable accommodations and inclusion of

qualified disabled individuals, and internal accountability on reducing and
preventing disability discrimination and providing reasonable
accommodations;

   c.  Court monitored evaluation of the adequacy of company-wide training
programs and the effect of these programs on disabled program participants;

   d.  Other equitable relief necessary to bring BGCAZ into and remain in
compliance with the law.

C.    An award of actual and compensatory damages to be proven at trial;

D.    An award of attorneys' fees, expert fees, costs of suit, and reasonable expenses
under any applicable law;

E.    An award of pre-judgment and post-judgment interest at the highest lawful
rates; and

F.    Such other legal and equitable relief to which F.B. is justly entitled.


Respectfully submitted.

Susan Marks
Co-Counsel for Plaintiff


Patricia E. Ronan
Co-Counsel for Plaintiff

DATED: _April 12, 2022_____

---

*s/Susan Marks*
Susan Marks